## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    **c/o United States Attorney's Office**<br>    **Judiciary Center Building**<br>    **555 Fourth St., N.W.**<br>    **Washington, D.C.  20530**<br><br>                       **Plaintiff,**<br><br>            **v.**<br><br>**REAL PROPERTY LOCATED AT**<br>**112 V STREET NE, WASHINGTON, D.C.**<br><br>                       **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Civil Action No.: 20-cv-2211**

**UNDER SEAL**

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE ACTION IN REM

Plaintiff, United States of America, by and through its attorney, the United States

Attorney for the District of Columbia, brings this Verified Complaint for Forfeiture against the

real property located at 112 V Street NW, Washington, D.C. (the "defendant property") and

alleges as follows in accordance with Supplemental Rule for Certain Admiralty or Maritime

Claims and Asset Forfeiture Actions ("Supplemental Rule") G(2):

## I.    NATURE OF THE ACTION

1.      This is a civil forfeiture action *in rem* to forfeit all right, title, and interest in the

defendant property pursuant to 18 U.S.C. §§ 981(a)(1)(C) and (a)(1)(A).

## II.    THE DEFENDANT PROPERTY

2.      The defendant property is the real property located at 112 V Street NE,

Washington D.C., with all appurtenances, improvements, and attachments thereon, and is more

fully described as: Tax Parcel ID# 3538 0035 and Lot Numbered Thirty-five (35) in Block

Numbered Five (5) in Harry Wardman and Thomas P. Bones' Subdivision of Lots in

"HIGHVIEW", as per plat recorded in the Office of the Surveyor for the District of Columbia in Liber 45 at Folio 57.  As of at least June 25, 2020, the land is designated on the Records of the Assessor for the District of Columbia for assessment and taxation purposes as Lot Numbered Thirty-Five (35) in Square Numbered Thirty-five Hundred Thirty-eight (3538).

3.      The defendant property is titled in the name of "112 V Street NE Trust."

## III.    <u>JUDICIAL AUTHORIZATION AND PROCESS</u>

4.      Under Supplemental Rule G(3)(a), the United States must comply with the procedures in 18 U.S.C. § 985 when initiating civil forfeiture actions against real property.

5.      The defendant property has not been seized.  The United States does not seek authority under 18 U.S.C. § 985(d)(1) to seize the defendant property prior to trial.  In accordance with 18 U.S.C. § 985(b)(1)(A), the defendant property will not be seized until the entry of a forfeiture order.

6.      Upon the filing of this Complaint, the United States will:

a. post notice of this Complaint on the defendant property as required by 18 U.S.C. § 985(c)(1)(B);

b.  serve notice of this action and a copy of this Complaint on 112 V Street NE Trust, Graceful Waters Holdings, LLC (Wyoming), Trustee, and beneficiary ███████████, as required by 18 U.S.C. § 985(c)(1)(C);

c. send notice of this action and a copy of this Complaint to any person who reasonably appears to be a potential claimant as required by Supplemental Rule G(4)(b); and

d. publish notice of this action pursuant to the procedures in Supplemental Rule G(4)(a).

**IV.**  **JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345, as this is a civil action commenced by the United States; and pursuant to 28 U.S.C. § 1355(a), as this is an action or proceeding for the recovery or enforcement of a forfeiture.

8.     This Court has *in rem* jurisdiction pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred within the District of Columbia; and pursuant to 28 U.S.C. § 1355(b)(1)(B), which provides for *in rem* jurisdiction in any district where venue is proper under 28 U.S.C. § 1395.

9.     Venue in the District of Columbia is proper pursuant to 28 U.S.C. §1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred within the District of Columbia; and pursuant to 28 U.S.C. § 1395(b) because the defendant property is found within the District of Columbia.

**V.**  **BASIS FOR FORFEITURE**

10.     This *in rem* forfeiture action arises out of an investigation by the Federal Bureau of Investigation and Internal Revenue Service Criminal Investigation (IRS-CI) into fraud related to the federal Paycheck Protection Program ("PPP"), in violation of 18 U.S.C. §§ 1343 and 1344 (wire fraud and bank fraud), 18 U.S.C. §§ 641 (theft of government money or property), 18 U.S.C. §§ 1956 and 1957 (money laundering) among other federal criminal statutes (the "Target Offenses").

11.     Based on the facts set forth in this Complaint, there is a reasonable belief that the defendant property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), as real property, which constitutes or is derived from proceeds traceable to an offense constituting a specified unlawful activity.  There is also a reasonable belief that the defendant property is subject to

3

forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A), as real property involved in a transaction in

violation of 18 U.S.C. § 1956 (laundering of monetary instruments) and18 U.S.C. § 1957

(engaging in monetary transactions in property derived from specified unlawful activity).

**VI.    FACTS**

**Paycheck Protection Program**

12.     Federal agents have obtained evidence that Kenneth Patrick Gaughan (who also

goes by the alias "Richard Strauski") ("Gaughan") is defrauding the federal Payment Protection

Program, which this section briefly describes.

13.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal

law enacted in or around March 2020 and is designed to provide emergency financial assistance

to the millions of Americans who are suffering the economic effects caused by the COVID-19

pandemic. One source of relief provided by the CARES Act was the authorization of up to $349

billion in forgivable loans to small businesses for job retention and certain other expenses, through

a program referred to as the Paycheck Protection Program ("PPP"). In April 2020, Congress

authorized over $300 billion in additional PPP funding.[1]

14.     In order to obtain a PPP loan, a qualifying business must submit a PPP loan

application, which is signed by an authorized representative of the business. The PPP loan

application requires the business (through its authorized representative) to acknowledge the

program rules and make certain affirmative certifications in order to be eligible to obtain the PPP

loan. In the PPP loan application, the small business (through its authorized representative) must

state, among other things, its average monthly payroll expenses and number of employees. These

figures are used to calculate the amount of money the small business is eligible to receive under

---

[1] All dates and amounts are approximations. The words "on or about" and "approximately" are
omitted for clarity.

the program. In addition, businesses applying for a PPP loan must provide documentation showing their payroll expenses.

15.     A PPP loan application must be processed by a participating lender. If a PPP loan application is approved, the participating lender funds the PPP loan using its own money, which is 100 percent guaranteed by Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA in the course of processing the loan.

16.     The applicants must use the PPP loan proceeds on certain permissible expenses, specifically, payroll costs, interest on mortgages, rent, and utilities. The program allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on the allowable expenses within a designated period of time after receiving the proceeds and uses a certain amount of the PPP loan proceeds on payroll expenses.

17.     Applicants electronically certify that the information provided is accurate and are warned that any false statement or misrepresentation to SBA or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

18.     The Small Business Administration Form 2483 (Form 2483), Paycheck Protection Program Borrower Application Form, or equivalent is required to be signed by an authorized representative of the Applicant to receive PPP funding. Form 2483 includes a number of certifications and authorizations.

19.     Form 2483 explicitly states that by signing, the Applicant makes the following Representation, Authorizations, and Certifications. The Applicant is required to initial and certify "During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program."

20.     An additional certification that must be initialed and signed on Form 2483 states "I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. §§ 1001 and 3571 by imprisonment of not more than five years and/ or a fine of up to $250,000; under 15 U.S.C. § 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 U.S.C. § 1014 by imprisonment of not more than thirty years and/ or a fine of not more than $1,000,000."

## Summary of the Scheme to Defraud

21.     During the course of an ongoing federal criminal investigation into Gaughan, federal agents discovered that Gaughan was attempting to commit a multi-million dollar fraud on the SBA's Coronavirus pandemic-induced Paycheck Protection Program ("PPP" or "the program"). Specifically, on July 17, 2020, federal agents learned that Gaughan and his former roommate had fraudulently applied to SBA lenders for 11 PPP loans.

22.     Records show that Gaughan, utilizing his own name, and the name of his former roommate, submitted those PPP loan applications using the business names of at least eight fake emotional support animal companies, including 1) Service Animals of America Incorporated; 2) Service Dog of America Incorporated; 3) Certapet Incorporated; 4) Official Service Dogs Incorporated; 5) Therapetic Solutions Incorporated; 6) Therapy Dog Incorporated; 7) Therapy Dog International Incorporated; and 8) ESA Registry International Incorporated.[2]

---

[2] Gaughan's former roommate also submitted a loan application under his own business name.

23.     According to the PPP loan applications, Gaughan's purported service animal companies *each* have 25 employees and are located at a *single private mailbox* in the UPS Store at 1030 15th Street NW, Suite 170-B1, Washington, DC ("the 15th Street UPS box").

24.     Gaughan applied for and rents the 15th Street UPS box and he made extensive use of the 15th Street UPS box during earlier, unrelated, suspected fraudulent activity.

25.     Gaughan's federal income tax returns for the tax years 2011 through 2018 do not contain any indication that Gaughan operated or worked with any animal support companies, or that Gaughan paid employees to work for animal support companies.

26.     When multiple businesses use a single address, particularly when that address is a private mailbox, it is an indication of fraudulent conduct.  Similarly, when numerous loan applications are submitted for different companies containing the same or similar information, including the same address, number of employees, and similar average monthly payroll amounts, it is also an indication of fraudulent conduct.

27.     Even though all of the businesses were purportedly located at the same private UPS mailbox, the loan applications listed each business as having 25 employees (for a total of at least 200 employees) and an average monthly payroll exceeding $110,000. The names of each of these businesses indicates they are engaged in similar business activity—registering emotional support animals.

28.     The investigation has not uncovered any information to suggest that Gaughan is in any way connected to any legitimate emotional support or service animal businesses.

## **Fraudulent PPP Loans**

29.    According to SBA records, Gaughan and his former roommate submitted applications for 11 PPP loans for fake service animal businesses.

30.    SBA and Bank of America records reflect that seven of the 11 loans have been disbursed, with a total disbursed amount of $2,179,464. All disbursed funds were deposited into two accounts at Bank of America in the names of Therapy Dog International or Therapetic Solutions Inc.

31.    Specifically, according to SBA records, Gaughan submitted applications for the following four PPP loans for businesses located at the 15th Street UPS box. Three of these loans were disbursed:

**Loan Number** ████**7206**: Gaughan applied for Loan Number ████7206 through the lender Fund-Ex Solutions Group LLC under the business name Service Animals of America, and listed the business address for Service Animals of America as the 15th Street UPS box. According to the loan application documents, Service Animals of America has 25 employees and an average monthly payroll of $121,215. Gaughan's address listed on this loan application is ████████████, Washington, DC. The loan was approved in the amount of $303,000, and the outstanding balance is $303,000. As of June 6, 2020, the loan status was "past due disbursed" according to SBA records.

**Loan Number** ████**7308**: Gaughan applied for Loan Number ████7308 through Celtic Bank Corporation under the business name Service Dog of America, and listed the business address for Service Dog of America as the 15th Street UPS box. According to the loan application documents, Service Dog of America has 25 employees and an average monthly payroll of $121,215. Gaughan's address listed on this loan is the ████████ ██ Washington, DC. According to SBA records, Celtic Bank cancelled this loan in May 2020. The email address listed on the PPP loan application is kengaughan@gmail.com.

**Loan Number** ████**7409**: Gaughan applied for Loan Number ████7409 through Radius Bank under the business name Certapet Incorporated, and listed the business address for Certapet Incorporated as the 15th Street UPS box. According to the loan application documents, Certapet Incorporated had 25 employees and an average monthly payroll of $121,215. Gaughan's address listed on this loan is listed as the 15th Street UPS box. The loan was approved in the amount of $303,100, and the outstanding balance is $303,038. As of June 5, 2020, the loan status was "disbursed."

**Loan Number █████7306**: The application for Loan Number █████7306 was submitted to First Bank of the Lake under the business name ESA Registry International, and listed the business address for ESA Registry International as the 15th Street UPS box. According to the loan application documents, ESA Registry International has 25 employees and an average monthly payroll of $151,325. The loan was approved in the amount of $378,310.00, and the outstanding balance is $378,310. As of June 6, 2020, the loan status was "disbursed current."

32.     By receiving at least three PPP loans, Gaughan's signed certification – as explained in paragraph 19, above – on each application was knowingly false.

33.     In addition, according to SBA records, the following seven loans for businesses, all of which are purportedly located at the 15th Street UPS box, were applied for in a in the name of a known Gaughan alias; at least four of those PPP loans have been disbursed:

**Loan Numbers █████7402 & █████7807:** Loan Number █████7402 was applied for through Northeast Bank under the business name Official Service Dogs. The business address for Official Service Dogs listed on the PPP loan application is the 15th Street UPS box. According to the loan application documents, Official Service Dogs has 25 employees and an average monthly payroll of $121,215. Loan Number █████7402 was cancelled.

According to information Northeast Bank provided, after Loan Number █████7402 was cancelled, the borrower provided information that had been requested by the bank. As a result, Northeast Bank approved Loan Number █████7807 for the business name Official Service Dogs, with the address listed as the 15th Street UPS box, in the amount of $303,000. According to the loan application documents, Official Service Dogs has 25 employees and an average monthly payroll of $121,200. Additional documentation provided included a bogus residential lease agreement signed by his former roommate on behalf of Official Service Dogs and landlord Maxwell Steinhart. This lease agreement was similar to fraudulent lease documents found on Gaughan's computers during a previous search by federal agents. As of June 5, 2020, this loan status was "active but undisbursed" according to SBA records. According to information received from Northeast Bank, this loan was closed and funded on June 9, 2020.

**Loan Number █████7709:** Loan Number █████7709 was applied for through Bank of America under the business name Therapetic Solutions. The business address for Therapetic Solutions listed on the loan application is the 15th Street UPS box. According to the loan application documents, Therapetic Solutions has 25 employees and an average monthly payroll of $122,937. The loan was approved in the amount of $307,342 and, according to Bank of America, was disbursed on May 4, 2020.

**Loan Number** ███████**7303:** Loan Number ██████7303 was applied for through Kabbage Incorporated under the business name Therapy Dog Incorporated. The business address for Therapy Dog Incorporated listed on the loan application is the 15th Street UPS box. According to the loan application documents, Therapy Dog Incorporated has 25 employees and an average monthly payroll of $110,973. The loan was approved in the amount of $277,432, and the outstanding balance is $277,432. As of June 9, 2020, the loan status was "disbursed" according to SBA records.

**Loan Number** ███████**7708:** Loan Number ██████7708 was applied for through Bank of America under the business name Therapy Dog International. The business address for Therapy Dog International listed on the loan application is the 15th Street UPS box. According to the loan application documents, Therapy Dog International has 25 employees and an average monthly payroll of $122,937. The loan was approved in the amount of $307,343.00 and, according to Bank of America, the loan was "disbursed" on May 4, 2020.

**Loan Number** ███████**7901:** Loan Number ██████7901 was applied for through Northeast Bank under the business name Therapy Pet Incorporated. The business address for Therapy Pet Incorporated listed on the loan application is the 15th Street UPS box. According to the loan application documents, Therapy Dog Incorporated has 25 employees and an average monthly payroll of $121,215. The loan was approved in the amount of $303,000. According to information received from Northeast Bank, the loan was cancelled on July 10, 2020.

**Loan Number** ███████**7800:** Loan Number ██████7800 was applied for through Fund-Ex Solutions Group LLC under the business name Therapy Pet Incorporated. According to SBA records, the borrower's street address was ███████████████ Washington, DC, and the borrower's physical street address was the 15th Street UPS box. According to the loan application documents, Therapy Dog Incorporated has 25 employees and an average monthly payroll of $121,215. As of May 30, 2020, the loan status was "fully cancelled."

## **Purchase of the Defendant Property**

34.     On May 4, 2020, two deposits, of $307,343.00 and $303,000.00 were made into Therapy Dog International's Bank of America account ending in 9804, as disbursements for PPP loans ██████7708 and ██████7206, respectively.

35.     On May 11, 2020, a deposit of $277,432.00 was made into Therapy Dog International's Bank of America account ending in 9804, as a disbursement for PPP loan ██████7303.

36.     On May 13, 2020, a deposit of $378,310.00 was made into Therapy Dog International's Bank of America account ending in 9804, as a disbursement for PPP loan ███████7306.

37.     On May 27, 2020, a cashier's check for $1,130,000.00 to Allied Title and Escrow LLC was purchased at Bank of America out of Therapy Dog International's account ending in 9804, to fund the purchase of the defendant property.

38.     Allied Title and Escrow LLC provided a copy of the cashier's check used to purchase the defendant property. The Remitter (Purchaser) of the Bank of America cashier check (number ████████4879) is Therapy Dog International.

39.     Gaughan controlled the Therapy Dog International account at Bank of America.

40.     Before the above deposits, Therapy Dog International's Bank of America account ending in 9804 had a balance of $102.90.

41.     The entirety of the funds used to purchase the cashier's check on May 27, 2020 came from the fraudulently obtained PPP loan proceeds.

## VII.   COUNTS

### Count One – Forfeiture as Proceeds of Bank Fraud

42.     Each of the foregoing allegations is hereby incorporated by reference as if fully set forth herein.

43.     Title 18, United States Code, Section 981(a)(1)(C) provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of [Title 18], or a conspiracy to commit such offense" is subject to forfeiture.

44.     A "specified unlawful activity" as defined in section 1956(c)(7) includes "any act or activity constituting an offense listed in section 1961(1)" of Title 18.  Bank Fraud, in violation of 18 U.S.C. § 1344, is an offense listed in section 1961(1).

45.     Section 1344 provides that "[w]hoever, knowingly executes, or attempts to execute, a scheme or artifice – (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises . . ." has committed a criminal offense.

46.     The defendant property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), as real property, which constitutes or is derived from proceeds traceable to a bank fraud violation.

## Count Two – Forfeiture as Proceeds of Wire Fraud

47.     Each of the foregoing allegations is hereby incorporated by reference as if fully set forth herein.

48.     Title 18, United States Code, Section 981(a)(1)(C) provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of [Title 18], or a conspiracy to commit such offense" is subject to forfeiture.

49.     A "specified unlawful activity" as defined in section 1956(c)(7) includes "any act or activity constituting an offense listed in section 1961(1)" of Title 18.  Wire fraud, in violation of 18 U.S.C. § 1343, is an offense listed in section 1961(1).

50.     Section 1343 of Title 18 provides that "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or

fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice" has committed a criminal offense.

51.     The defendant property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), as real property, which constitutes or is derived from proceeds traceable to a wire fraud violation.

**Count Three – Forfeiture as Property Involved in a Money Laundering Transaction**

52.     Each of the foregoing allegations is hereby incorporated by reference as if fully set forth herein.

53.     Title 18, United States Code, Section 981(a)(1)(A) provides that "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 [or] 1957 of [Title 18], or any property traceable to such property" is subject to forfeiture.

54.     Section 1956(a)(1)(B)(i) provides that whoever "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . knowing that the transaction is designed in whole or in part – to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity."

55. Section 1956(c)(4) defines the term "financial transaction" to mean "(A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction

involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree."

56.     Section 1957 provides that whoever, "knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity" has committed a criminal offense.

57.     Section 1957(f)(1) defines "monetary transaction" as the "deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument (as defined in section 1956(c)(5) of this title) by, through, or to a financial institution (as defined in section 1956 of this title), including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title . . ."  Section 1956(c)(6)(A) defines "financial institution" to include "any financial institution, as defined in section 5312(a)(2) of Title 31 . . ."  Section 5312(a)(2)(u) defines a financial institution as including "persons involved in real estate closings and settlements."

58.     Section 1956(h) criminalizes a conspiracy to violate Section 1957.

59.     The defendant property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A), as real property involved in transactions in violation of 18 U.S.C. § 1957.

59.     The defendant property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A), as real property involved in transactions in violation of 18 U.S.C. § 1956(h).

**Count Four – Forfeiture as Proceeds of Theft of Government Property**

60.     Each of the foregoing allegations is hereby incorporated by reference as if fully set forth herein.

61.     Title 18, United States Code, Section 981(a)(1)(C) provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense

constituting a 'specified unlawful activity' (as defined in section 1956(c)(7) of [Title 18], or a conspiracy to commit such offense" is subject to forfeiture.

62.     A "specified unlawful activity" as defined in section 1956(c)(7)(D) includes "an offense under . . . section 641 [of Title 18]."

63.     Section 641 of Title 18 provides that "[w]hoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—" has committed a criminal offense.

64.     The defendant property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), as real property, which constitutes or is derived from proceeds traceable to a theft of government property violation.

## VIII.   **CONCLUSION**


**WHEREFORE**, the United States prays that this Court decree that all right, title, and interest in the defendant property be condemned and forfeited to the United States of America, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,


MICHAEL R. SHERWIN
Acting United States Attorney
N.Y. Bar No. 4444188


By:  ____/s/_____ *Steven T. Brantley*
Steven T. Brantley, D.C. Bar No. 1617308
Special Assistant United States Attorney
Arvind K. Lal, D.C. Bar No. 389496
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530
Steven.brantley@usdoj.gov
arvind.lal@usdoj.gov
(202) 252-7688 (Lal)
(202) 597-0610 (Brantley)

*Attorneys for the United States of America*

## **VERIFICATION**

I, Charles W. Sublett, hereby verify and declare under penalty of perjury that I am a Special Agent with the Internal Revenue Service, Criminal Investigation, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 11, 2020


_____/s/ *Charles W. Sublett*_____
Special Agent Charles W. Sublett
Internal Revenue Service, Criminal Investigation

## CIVIL COVER SHEET

JS-44 (Rev. 6/17 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America<br>c/o U.S. Attorney's Office<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530 ⊞ | REAL PROPERTY LOCATED AT 112 V STREET NE,<br>WASHINGTON, D.C. |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Arvind K. Lal (202) 252-7688<br>Assistant United States Attorney<br>555 4th Street, N.W.,<br>Washington, DC 20530 | |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

◉ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE an x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)**

○ **A.  Antitrust**

☐ 410  Antitrust

○ **B.  Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Product Liability

○ **C.  Administrative Agency Review**

☐ 151 Medicare Act

**Social Security**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.  Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

***(If Antitrust, then A governs)***

| ○ **E.  General Civil (Other)** | **OR** | ○ **F.  Pro Se General Civil** |
|---|---|---|

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 27 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Conditions
☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 625 Drug Related Seizure of Property 21 USC 881
☒ 690 Other

**Other Statutes**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 462 Naturalization Application
☐ 465 Other Immigration Actions
☐ 470 Racketeer Influenced & Corrupt Organization
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 850 Securities/Commodities/ Exchange
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○  **G.**  *Habeas Corpus/ 2255* | ○  **H.**  *Employment Discrimination* | ○  **I.**  *FOIA/Privacy Act* | ○  **J.**  *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○  **K.**  *Labor/ERISA (non-employment)* | ○  **L.**  *Other Civil Rights (non-employment)* | ○  **M.**  *Contract* | ○  **N.**  *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi-district Litigation   ○ 7 Appeal to District Judge from Mag. Judge   ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

981(a)(1)(C)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $**<br>**JURY DEMAND:** | Check **YES** only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☒   NO ☐ | If yes, please complete related case form |

| **DATE:** ___8/11/2020___ | **SIGNATURE OF ATTORNEY OF RECORD** ___/s/ Arvind K. Lal___ |
|---|---|

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

**VI.**    CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**    RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**          ) | |
|     **c/o United States Attorney's Office**   ) | |
|     **Judiciary Center Building**          ) | |
|     **555 Fourth St., N.W.**             ) | |
|     **Washington, D.C.  20530**        ) | |
|                          ) | |
|           **Plaintiff,**            ) | **Civil Action No.: 20-cv-2211** |
|                          ) | |
|         **v.**                   ) | **UNDER SEAL** |
|                          ) | |
| **REAL PROPERTY LOCATED AT**     ) | |
| **112 V STREET NE, WASHINGTON, D.C.**  ) | |
|                          ) | |
|          **Defendant.**           ) | |

## WARRANT FOR ARREST *IN REM*

TO:  THE UNITED STATES MARSHAL'S SERVICE AND/OR ANY OTHER DULY
AUTHORIZED LAW ENFORCEMENT OFFICER:

    WHEREAS a Verified Complaint for Forfeiture *In Rem* has been filed in the United
States District Court for the District of Columbia, on the 11th day of August, 2020, alleging that
the above defendant property is subject to seizure and forfeiture to the United States pursuant to
18 U.S.C. §§ 981 and 982;

    YOU ARE, THEREFORE, HEREBY COMMANDED to serve the defendant property,
thus bringing, within the jurisdiction of the Court, said defendant property, more fully described
as:

    **112 V Street NE, Washington D.C.,** with all appurtenances, improvements, and
attachments thereon, and is more fully described as: Tax Parcel ID# 3538 0035 and Lot
Numbered Thirty-five (35) in Block Numbered Five (5) in Harry Wardman and Thomas P.
Bones' Subdivision of Lots in "HIGHVIEW", as per plat recorded in the Office of the Surveyor
for the District of Columbia in Liber 45 at Folio 57.  As of at least June 25, 2020, the land is
designated on the Records of the Assessor for the District of Columbia for assessment and
taxation purposes as Lot Numbered Thirty-Five (35) in Square Numbered Thirty-five Hundred
Thirty-eight (3538).

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed, unless, pursuant to Rule G(3)(c)(ii)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the defendant properties are in the government's possession, custody, or control.

Dated: August _____, 2020

_____
Clerk of Court

_____
By: Deputy Clerk